Date signed March 10, 2009



_____
PAUL MANNES
U. S. BANKRUPTCY JUDGE

## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF MARYLAND
### at Greenbelt

| | | |
|---|---|---|
| IN RE: | : | |
| | : | |
| MOORE KERSHNER, LLC, Movant | : | |
| | : | |
| vs. | : | Misc. Proc. No. 09-90006PM |
| | : | |
| MOORE STEELE, LLC, Respondent | : | |
| KAREN MOORE, Respondent | : | |
| - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - | : | |
| | : | |
| Greenbelt CT Imaging Center, LLC | : | Case No. 07-18958PM (Chapter 11) |
| Sussex Title, LLC | : | Case No. 07-22878PM (Chapter 7) |
| Unikote Home Products, LLC | : | Case No. 08-14304PM (Chapter 7) |
| US Trans Logistics, Inc. | : | Case No. 08-21127TJC (Chapter 11) |
| Thomas J. Calleri | : | Case No. 08-22835JFS (Chapter 11) |
| DQS Global, Inc. | : | Case No. 08-22917WIL (Chapter 11) |
| Sahajanand InfoTech | : | Case No. 08-25569TJC (Chapter 7) |
| Roslyn Nesbit | : | Case No. 08-26349NVA (Chapter 7) |
| Robert W. Olwine | : | Case No. 09-11127JFS (Chapter 7) |
| | : | |
| Debtors | : | |
| - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - | : | |

### MEMORANDUM OF DECISION

This proceeding was brought before the court by an Omnibus Motion for Appropriate Relief as to Attorneys' Fees filed February 6, 2009, by Moore Kershner, LLC ("Moore Kershner") against Moore Steele, LLC ("Moore Steele") and Karen H. Moore ("Ms. Moore") in nine separate bankruptcy cases. Pursuant to 11 U.S.C. § 105(a), the dispute was consolidated for resolution by one judge in this Miscellaneous Proceeding. On February 10, 2009, the court

entered an Order to Show Cause why it should not abstain from the exercise of jurisdiction over this Miscellaneous Proceeding, and the same came before the court for hearing on March 5, 2009.

At first, the court must determine whether it possesses jurisdiction to decide this dispute. This issue of the absence of jurisdiction may be raised at any time by either party or by the court. *New Horizon of NY LLC v. Jacobs*, 231 F.3d 143, 150 (CA4 2000).  Under 28 U.S.C. § 1334(b), District Courts, and the Bankruptcy Court by virtue of the referral contained in Local District Rule 402 enacted pursuant to 28 U.S.C. § 157, have "original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11."  However, under 28 U.S. C. §1334(c)(1), nothing prevents this court "from abstaining from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11."  The test for determining whether a civil proceeding is related to bankruptcy is whether "[t]he outcome could alter the debtor's rights, liabilities, options or freedom of action (either positively or negatively) and [it] in any way impacts upon the handling and administration of the bankruptcy estate."  *Valley Historic Ltd. P'ship v. Bank of New York*, 486 F.3d 831, 836 (CA4 2007) (*quoting In re Celotex Corp.*, 124 F.3d 619, 625-626 (CA4 1997)).

The outcome of this internecine conflict will not affect the recovery of creditors other than the parties to this Miscellaneous Proceeding.  *See generally, In re Kubly,* 818 F.2d 643, 645 (CA7 1987); *In re Xonics, Inc.*, 813 F.2d 127 (CA7 1997).  What the court has here is a dispute between attorneys as to the division of compensation for the representation of various clients who happen to be debtors.  This is a classic state court dispute between two non-debtors.  There is no diversity of jurisdiction.

It is useful to look at each of the cases to understand their status.

**Greenbelt CT Imaging Center, LLC, Case No. 07-18958PM**, was filed September 16, 2007. At that time Ms. Moore was an attorney with the law firm of Paley Rothman Goldstein Rosenberg Eig and Cooper, Chartered ("Paley Rothman").  The court, by Order entered October

-2-

2, 2007, authorized the retention of that firm as counsel for the debtor in possession. Following the resignation of Ms. Moore from Paley Rothman, and her announcement that as of August 1, 2008, she would be practicing with the law firm of Moore Kershner, the court granted the motion filed on behalf of Paley Rothman by Ms. Moore to strike its appearance as counsel for the debtor in possession. On August 1, 2008, Ms. Moore, on behalf of the firm of Moore Kershner, filed an application for approval of its employment as successor counsel for the debtor in possession that was approved by Order of the court on August 22, 2008. On December 15, 2008, the court granted the third and final fee application of Paley Rothman.

At some time between August 1, 2008, and October 30, 2008, there developed some disagreement between the principals of Moore Kershner that led to Ms. Moore's association with Moore Steele. On October 30, 2008, Ms. Moore filed a document entitled "Notification of Firm Name Change" advising the court that "the name of the firm of counsel for the Debtor has been changed to Moore Steele, LLC." This document was dishonest and designed to mislead the court. This was not a mere name change of counsel. Instead, by it Ms. Moore sought the substitution of her new firm as counsel for the debtor in possession. Thereafter, Ms. Moore sought to withdraw the Notification, filed a motion "on behalf" of Moore Kershner to withdraw as counsel on November 10, 2008, and filed a motion to authorize the employment of Moore Steele as counsel. Whether Ms. Moore's conduct comported with the internal operating documents of Moore Kershner is a matter beyond this court's jurisdiction to determine. Acting on this filing, the court passed an Order granting the motion filed by Ms. Moore to strike the appearance of Moore Kershner on November 14, 2008, and, on that same day, passed an Order allowing compensation to Moore Kershner of $78,531.40 for services rendered for the period August 1, 2008, through October 20, 2008. On December 3, 2008, this court passed an Order approving the employment of Moore Steele as counsel for the debtor in possession *nunc pro tunc* to October 23, 2008. On February 26, 2009, the court passed an Order allowing compensation to Moore Steele for $42,305.65.

**Thomas J. Calleri and Mary Ann Calleri, Case No. 08-22835JS**, was filed October 3, 2008. Oddly enough, the Disclosure of Compensation filed by Ms. Moore appears to have "whited-out" the name of the law firm Moore Kershner beneath her signature, although the signature of Ms. Moore on the petition is followed by the name of the law firm of Moore Kershner. The Disclosure of Compensation showed that Ms. Moore received $4,725.00 before the filing and was allowed $16,708.13 for services rendered through November 24, 2008, and allowed an additional $2,885.62 for services rendered from that date to January 16, 2009. On October 3, 2008, Ms. Moore filed on behalf of the debtors an application to retain Moore Steele as counsel and on October 29, 2008, the court granted the motion. Ms. Moore filed a second false Notification of name change stating that the name of the firm of counsel for the debtors had been changed to Moore Steele. This was likewise withdrawn. This case is pending.

The remaining cases summarized below were all filed under Chapter 7.

**DQS Global, Inc.**, **Case No. 08-22917WIL**, was filed on October 6, 2008. The Disclosure of Compensation reflected that $5,000.00 had been paid for representation. Ms. Moore signed this certification as a member of the firm of Moore Kershner, and signed the petition in that same capacity. This case is pending.

**US Trans Logistics, Inc., Case No. 08-21127TLC**, was filed on August 29, 2008. The Disclosure of Compensation signed by Ms. Moore on behalf of Moore Kershner reflected receipt of a payment of $5,000.00 for services to be rendered in the case. This case is pending.

**Robert W. Olwine, Case No. 09-11127JFS**, was filed January 23, 2009. The Disclosure of Compensation filed by Ms. Moore as a member of Moore Steele reflected receipt of $3,500.00 for services rendered and to be rendered. This case is pending.

**Roslyn Nesbit, Case No. 08-26349NVA**, was filed December 10, 2008, by Ms. Moore. The Disclosure of Compensation reflected that $1,500.00 was paid to the firm of Moore Steele. The Chapter 7 Trustee filed a Report of No Distribution. This case should be closed shortly.

**Sahajanand InfoTech USA, Inc., Case No. 08-25569TJC**, was filed November 24, 2008. The Disclosure of Compensation filed by Ms. Moore on behalf of Moore Steele reflected the receipt of $4,000.00. This case is pending.

**Unikote Home Products, Inc., Case No. 08-14304PM**, was filed on March 28, 2008. The Disclosure of Compensation reflected, oddly enough, that the compensation was fixed at $2,500.00 with nothing paid prior to the filing of the case. The petition was signed by Ms. Moore on behalf of Paley Rothman. However, the answer to Question No. 9 on the Statement of Financial Affairs reflected that $2,500.00 was paid to the law firm of Paley Rothman on March 28, 2008. This case is pending.

**Sussex Title, LLC, Case No. 07-22878PM**, was filed December 18, 2007, by Ms. Moore on behalf of Paley Rothman. The Disclosure of Compensation reflected that prior to filing the petition the law firm had received a retainer of $25,000.00 for various legal matters, including a possible bankruptcy filing. This case is pending.

In cases under Chapter 7, the debtor's lawyer cannot be compensated from estate proceeds. *See generally, Collier on Bankruptcy*, ¶ 330.03[3][a] (15th ed. rev. 2008); *In re Equip. Services, Inc*., 290 F.3d 739 (CA4 2002), *aff'd sub nom. Lamie v. United States,* 540 U.S. 526 (2004); *In re Wagers*, 514 F.3d 1021, 1027-1027 (CA10 2007); *In re Weinschneider*, 395 F.3d 401, 403-404 (CA7 2005). On the other hand, the attorneys for a Chapter 11 debtor in possession are paid from estate funds. Insofar as the cases under Chapter 7 are concerned, there is nothing in this dispute that would bring it under the jurisdiction of the Bankruptcy Court. Moore Kershner argues that because attorneys in the cases under Chapter 11 are paid from the bankruptcy estate, this dispute comes under the jurisdiction of the court as a core proceeding under 28 U.S.C. § 157(b)(2)(A) as it is a matter "concerning the administration of the estate." The court disagrees. The court allows compensation to the attorneys for the estate. How they divide it among themselves is their business. The relationship of this dispute to the administration of the bankruptcy estate is too distant to confer jurisdiction on this court. Its

-6-

resolution can have no effect upon the administration of the estates in the cases under Chapter 11.

       An appropriate order will be entered.

cc:    United States Trustee, 6305 Ivy Lane, Suite 600, Greenbelt  MD  20770
        Lawrence R. Holzman, Esq., 6404 Ivy Lane, Suite 400, Greenbelt, MD 20770
        Moore Kershner, LLC, 11785 Beltsville Drive, Calverton, MD 20705
        Moore Steele, LLC, 7501 Greenway Center Drive, Suite 420, Greenbelt, MD 20770
        Karen Moore, Esq., 7501 Greenway Center Drive, Suite 420, Greenbelt, MD 20770

**End of Memorandum of Decision**